# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FREY IRREVOCABLE TRUST, et al.,

    Plaintiff(s)/Appellants,

v.

TENNVADA HOLDINGS I, LLC,

    Defendant(s)/Appellees.

2:12-CV-1592 JCM (PAL)

## ORDER

Presently before the court is the bankruptcy appeal of *Frey Irrevocable Trust et al v. Tennvada Holdings I, LLC et al*, case number 12-cv-01592-JCM-PAL. Appellant filed an opening brief. (Doc. # 8). Appellees filed answering briefs in opposition (docs. ## 11 & 13), and appellants filed a reply brief (doc. # 14).

**I.**    **Background**

On September 2, 2011, Tennvada Holdings I, ("Tennvada") LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada. The bankruptcy petition is the result of a loan and deed of trust for certain real property, a hotel located at 1837 Union Avenue, in Memphis, Tennessee.

On December 7, 2007, Integrated Financial Associates, Inc. ("IFA"), a Nevada corporation made a loan secured by a deed of trust to an entity named 1837 Tennvada Investments, LLC. The deed of trust secured the hotel in Memphis. The hotel became non-operational before 1837

**James C. Mahan**
**U.S. District Judge**

1  Tennvada Investments took title.

2  The deed of trust was recorded on December 31, 2007 in Shelby County, Tennessee.[1] IFA
3  subsequently assigned fractional interests in the deed of trust to twenty-one private investors
4  pursuant to its Nevada mortgage lending license.

5  1837 Tennvada Investments filed a voluntary petition under chapter 11 of the Bankruptcy
6  Code on March 1, 2009. The case was dismissed on October 20, 2010, because 1837 Tennvada
7  Investments failed to confirm a reorganization plan.

8  Appellants in this case are Nevada trust entities doing business in Clark County. Appellants
9  made post-petition loans to 1837 Tennvada Investments with the approval of the bankruptcy court.

10  On September 25, 2009, the appellants recorded a deed of trust in Shelby County, Tennessee,
11  allegedly reflecting post-petition loans made to 1837 Tennvada Investments in the amount of
12  $300,000. The recorded document did not provide a legal description of the property to be
13  encumbered. Appellants admit this fact in their opening brief, as well as in the answer in the
14  underlying bankruptcy proceeding.

15  Tennvada is a Nevada limited liability company formed on September 17, 2010, for the
16  purpose of acquiring title to the hotel property through a non-judicial foreclosure sale of the IFA
17  deed of trust. On or around December 28, 2010, IFA as the loan servicing agent caused the deed of
18  trust to be foreclosed in a non-judicial foreclosure. The IFA loan investors assigned their beneficial
19  interest in the deed of trust to Tennvada, thereby becoming members of Tennvada with identical
20  interests in the company that they held in the IFA deed of trust. At foreclosure, the trustee's deed
21  conveyed title to the hotel property to Tennvada in exchange for a $500,000 credit bid. The
22  substitute trustee deed was recorded in Shelby County, Tennessee on February 15, 2011.

23  On August 3, 2011, appellants attempted to re-record their deed of trust. Appellants failed
24  to record a deed of trust associated with the other debtor in possession loans made during the 1837
25  Tennvada Investments bankruptcy.

26  . . .

---

[1] Memphis is the county seat of Shelby County, Tennessee.

**James C. Mahan**
**U.S. District Judge**

- 2 -

On September 2, 2011, Tennvada filed a voluntary petition for relief under the Bankruptcy Code. On April 3, 2012, Tennvada filed the adversary proceeding complaint against appellants-defendants to object to the proofs of claims filed in the Tennvada bankruptcy. Appellants filed an answer to the adversary complaint and a third party complaint against appellee-plaintiffs Tennvada and William Dyer. The bankruptcy judge granted appellee-plaintiffs motion to dismiss the third party complaint. Appellant-defendants appeal the dismissal to this court.

## II.     Legal Standard

This court has jurisdiction to hear bankruptcy appeals pursuant to 28 U.S.C. § 158(a). Section 158(a) states:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) title 11 increasing or reducing the time periods referred to in section 1121 of such title . . .

28 U.S.C. § 158(a).

The Ninth Circuit Bankruptcy Panel has held that finality for purposes of jurisdiction under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291. *In re Belli*, 268 B.R. 851, 855 (BAP 9th Cir. 2001) ("Thus, we hold that finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291"). "[A] decision is ordinarily considered final and appealable under § 1291 only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233(1945)).

Federal Rule of Civil Procedure 54(b) controls the analysis of finality of judgments for purposes of appeal in federal civil actions, including bankruptcy adversary proceedings. *Belli*, 268 B.R. at 855. Bankruptcy Rule 7054(a) incorporates by reference Rule 54(b). *See id.* A judgment

1  in a consolidated action that does not resolve all claims against all parties is not appealable as a final
2  judgment without a Rule 54(b) certification. *See Huene v. United States*, 743 F.2d 703, 704-05 (9th
3  Cir. 1984); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) ("Not all final judgments
4  on individual claims should be immediately appealable, even if they are in some sense separable
5  from the remaining unresolved claims.").

6  **III.   Discussion**

7  In appellants' opening brief, appellants do not even address the Rule 54(b) requirements or
8  make any argument that this court may hear a non-final order on appeal. Instead, appellants go
9  straight to the merits of the decision by the bankruptcy judge in the underlying consolidated case.
10 Appellees argue simply that this court does not yet have jurisdiction to hear the instant appeal.

11 The court agrees with appellees. This appeal is not from a final order. The bankruptcy
12 court's dismissal of the third party complaint did not end the litigation so that all that was required
13 was for that court to execute judgment. The bankruptcy court must still resolve the adversary
14 bankruptcy claims that initiated the lawsuit. Further, appellants did not seek an interlocutory appeal
15 from the bankruptcy court, pursuant to Rule 54(b) or otherwise, and the bankruptcy court has not
16 granted an interlocutory appeal.

17 In the reply brief, appellants argue that this court should hear the bankruptcy appeal despite
18 the fact that they are appealing a non-final order. Pursuant to Federal Rule of Bankruptcy Procedure
19 8003©) and 28 U.S.C. § 158(a)(3), this court may, at its discretion, still hear the appeal. 28 U.S.C.
20 § 1292(b) states that a court may grant or hear an interlocutory appeal if the order being appealed
21 from "involves a controlling question of law as to which there is substantial ground for difference
22 of opinion and that an immediate appeal from the order may materially advance the ultimate
23 termination of the litigation." 28 U.S.C. § 1292(b); *see also Cardwell v. Chesapeake & Ohio Ry.*
24 *Co.*, 504 F.2d 444, 446 (6th Cir. 1974).

25 Appellants appeal the bankruptcy court's dismissal of their third party complaint allegations
26 of alter ego, fraud, and damages. The court finds that this bankruptcy appeal does not meet the §
27 1292(b) standard.

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

In this case there has been no final order by the bankruptcy court, there has been no interlocutory appeal granted by the bankruptcy court, and this court does not find that the situation warrants an interlocutory appeal. Therefore, this court does not have jurisdiction and this bankruptcy appeal is dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal of the bankruptcy case, *Frey Irrevocable Trust et al v. Tennvada Holdings I, LLC et al*, case number 12-cv-01592-JCM-PAL be, and the same hereby is, DISMISSED.

DATED April 25, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**