# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FREY IRREVOCABLE TRUST, et al.,

    Plaintiff(s)/Appellants,

v.

TENNVADA HOLDINGS I, LLC,

    Defendant(s)/Appellees.

2:12-CV-1592 JCM (PAL)

**ORDER**

Presently before the court is appellee Tennvada Holdings' ("Tennvada") motion to reopen the bankruptcy appeal case. (Doc. # 16). Appellants Frey Irrevocable Trust, Kowlaski Trust, and Ruth Maasarani Trust ("Trusts") have filed a response in opposition. (Doc. # 19).

Also before the court is appellee's motion for damages and costs. (Doc. # 17). Appellants have filed a response in opposition. (Doc. # 20).

**I.  Background**

The limited background facts necessary for resolution of the instant motions are relatively straightforward.

The matter arises out of an underlying chapter 11 petition in bankruptcy court. Tennvada filed the adversary complaint against the Trusts, objecting to proofs of claims filed in the bankruptcy proceeding. Tennvada and defendant William Dyer filed a motion to dismiss the third party complaint, which was granted. That order did not contain any language certifying the order for appeal. Likewise, the Trusts did not request certification under Bankruptcy Rule 7056(b) nor did

**James C. Mahan**
**U.S. District Judge**

1 | they ask permission to file an interlocutory appeal.

2 | This court subsequently dismissed the appeal on April 25, 2013, finding that it did not have
3 | jurisdiction. (*See* order, doc. # 15). Tennvada seeks to reopen the case and recover damages and
4 | costs incurred from that appeal.

5 | **II.    Discussion**

6 | *A.  Rule 8014*

7 | Federal Rule of Bankruptcy Procedure 8014 governs costs on appeal, providing, in relevant
8 | part: "Except as otherwise provided by law, agreed to by the parties, or ordered by the district court
9 | or the bankruptcy appellate panel, costs shall be taxed against the losing party on an
10 | appeal."  However, that rule does not specifically impose a time limit for requesting costs.

11 | As with the majority of the Federal Rules of Bankruptcy Procedure, Rule 8014 is modeled
12 | after the Federal Rules of Appellate Procedure.  Federal Rule of Appellate Procedure 39, dealing
13 | with costs, provides that "if an appeal is dismissed, costs are taxed against the appellant, unless the
14 | parties agree otherwise" Fed. R. App. P. 39(a)(1).  However, "a party who wants costs taxed
15 | must–*within 14 days after entry of judgement*–file with the circuit clerk, with proof of service, an
16 | itemized and verified bill of costs."  Fed R. App. P. 39(d)(1) (emphasis added).

17 | Tennvada did not file its itemized and verified bill of costs within 14 days of entry of
18 | judgment, and instead waited nearly two months.  Thus, although Tennvada was entitled to costs
19 | when this court dismissed the appeal, it failed to file a timely motion, and its late request must be
20 | denied.

21 | *B.  Rule 8020*

22 | Tennvada also requests sanctions pursuant to Bankruptcy Rule 8020.  That rule states in
23 | relevant part: "If a district court or bankruptcy appellate panel determines that an appeal from an
24 | order, judgment, or decree of bankruptcy judge is frivolous, it may, after a separately filed motion
25 | or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond,
26 | award just damages and single or double costs to the appellee."

27 | Tennvada bases its request on the fact that the order dismissing the third party complaint did

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  not resolve all claims against all parties, and was not a "final judgment" appropriate for appeal.
2  Tennvada points to this court's observation that the Trusts failed to address the jurisdictional issue
3  in the opening brief, and instead assumed that jurisdiction was proper.

4      It is well established that trial courts have the inherent power to sanction attorneys for
5  abusive litigation practices. *See, e.g., Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). "Before
6  awarding sanctions under its inherent powers, however, the court must make an explicit finding that
7  counsel's conduct constituted or was tantamount to bad faith." *Primus Auto. Fin. Servs., Inc. v.*
8  *Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (citation omitted).

9      Here, there is no evidence that counsel filed the instant appeal in bad faith or to harass an
10 opponent. *See id.* at 649. While the appeal was ill-advised, the court did not explicitly find that it
11 was tantamount to bad faith. The court again declines to find as much now.

12 **III.   Conclusion**

13     While Tennvada was originally entitled to costs on appeal, it failed to file a timely itemized
14 and verified bill of costs with the court. As such, it is no longer entitled to recovering those costs.

15     The court further declines to grant Tennvada's request for sanctions. Although the appeal
16 was ill-advised, this court did not make a finding that it was frivolous and sanctionable in the first
17 instance, and declines to do so now.

18     Accordingly,

19     IT IS HEREBY ORDERED, ADJUDGED, and DECREED that appellee's motion to reopen
20 (doc. # 16) be, and the same hereby is, GRANTED.

21     IT IS FURTHER ORDERED that appellee's motion for damages and costs (doc. # 17) be,
22 and the same hereby is, DENIED.

23     DATED February 11, 2014.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -